IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06cv22-F |
| | ) | WO |
| DARREN LAVON SMILEY | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on a motion under 28 U.S.C. § 2255 filed by Darren Lavon Smiley ("Smiley") on January 9, 2006.[1] The matter that Smiley seeks to challenge by his motion concerns criminal proceedings that are currently pending in this court. *See United States v. Smiley*, Crim. No. 2:05cr44-MEF. Smiley asserts claims of ineffective assistance of counsel, malicious prosecution, and "false incrimination;" he asks that this court "vacate all charges" and that he "be released as soon as possible." *See Motion Under 28 U.S.C. § 2255* (Doc. # 1) at 12. Sentencing for Smiley's criminal case is currently scheduled for February 7, 2006. *See* Doc. # 40 in Criminal No. 2:05cr44.

28 U.S.C. § 2255 provides relief only for prisoners "under sentence . . . imposed in violation of the Constitution or laws of the United States." Here, however, Smiley's motion was filed prior to this court's entry of judgment and sentence. Therefore, there is no

---

[1] Although Smiley's motion was stamped "received" in this court on January 10, 2006, under the "mailbox rule," the court deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, January 9, 2006, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

judgment or sentence in place, and a challenge under § 2255 is premature.

Further, a "judgment of conviction" cannot be final with respect to a given count until both the conviction and sentence associated with the count are final. *See Teague v. Lane*, 489 U.S. 288, 314 n.2 (1989); *Deal v. United States*, 508 U.S. 129, 132 (1993). Where, as here, the court has not yet sentenced the defendant, there is no finality of judgment for purposes of commencing the § 2255 review period. This court further notes that, absent extraordinary circumstances, a district court is precluded from considering a § 2255 motion while review of a defendant's direct criminal appeal is pending. *See United States v. Khoury*, 901 F.2d 975, 976 (11th Cir.), *modified on other grounds*, 910 F.2d 713 (11th Cir. 1990); *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (per curiam); *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968).[2] Although this general rule is not a jurisdictional bar, the orderly administration of criminal law precludes consideration of a § 2255 motion absent extraordinary circumstances. *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988); *see also Advisory Committee Note to Rule 5, Rules Governing Section 2255 Proceedings for the United States District Courts.*

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Smiley be DISMISSED WITHOUT PREJUDICE.

It is further

---

[2]The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

ORDERED that the parties shall file any objections to this Recommendation on or before January 31, 2006. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

Done this 18th day of January, 2006.

                                             /s/Charles S. Coody
                                             CHARLES S. COODY
                                             CHIEF UNITED STATES MAGISTRATE JUDGE